BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR-22 |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DARRYL WILLIAM THORN,** | |
| | Sentencing Date: November 21, 2017 |
| **Defendant.** | 10:30 a.m. |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, submits this memorandum for defendant Darryl Thorn's sentencing, which is currently set for Tuesday, November 21, 2017, at 10:30 a.m.

I.  **Summary of the Government's Position**

The government recommends that the Court impose a sentence of 33 months' imprisonment on Count 1 (18 U.S.C. § 372), a three-year period of post-prison supervision, and a $100 assessment. The government recommends that defendant's conviction for 18 U.S.C. § 930(b) should be grouped with his conviction for Count 2 (18 U.S.C. § 372) for sentencing. The Court previously entered an Order setting forth the terms of restitution imposed in connection with the conviction for this offense. (ECF No. 2259.)

The government further recommends that the Court impose a sentence of 30 days' imprisonment and a $10 assessment for the misdemeanor offense of Trespass (50 C.F.R. §§ 26.21(a) and 28.31), and a sentence of 30 days' imprisonment and a $10 assessment for the misdemeanor offense of Tampering with Vehicles and Equipment (50 C.F.R. §§ 27.65 and 28.31). The government recommends that these sentences be ordered to run concurrent to the sentence imposed for defendant's felony convictions for Counts 1 and 2.

II. **Background**

A.  **Procedural Background**

On March 10, 2017, defendant was convicted by a jury of violating 18 U.S.C. § 372 and 18 U.S.C. § 930(b) for his role in the armed takeover of the Malheur National Wildlife Refuge. On March 21, 2017, defendant was found guilty by the Court of the misdemeanor offense of Trespass, in violation of 50 C.F.R. §§ 26.21(a) and 28.31, and the misdemeanor offense of Tampering with Vehicles and Equipment, in violation of 50 C.F.R. §§ 27.65 and 28.31.

/ / /

/ / /

B.     Factual Background

The underlying facts of defendant's case were introduced during his jury trial and during the extensive pretrial litigation. The relevant facts are accurately set forth in paragraphs 31–35 of the Presentence Report (hereafter "PSR").

Defendant played a significant role in the armed takeover of the Malheur National Wildlife Refuge. He was a consistent, armed presence at the Refuge throughout the occupation and was one of the voices that urged others to stay and defend the occupied Refuge against the federal government after the arrest of the occupation's leadership on January 26, 2016.

Defendant traveled to Burns, Oregon, with co-defendant Eric Flores to support the Hammonds and protest the efforts of Sheriff Dave Ward. Thorn was a member of the "Washington III%" militia. Once he was on the Refuge, defendant participated in guard duty and other armed activities and used Refuge equipment. On January 9, 2016, he was photographed in the lookout tower and commented that, "Our job is to make sure nobody is going where they shouldn't."

Defendant was also photographed multiple times at the Refuge possessing firearms, including an assault rifle with a bayonet and a double-barrel magazine. Defendant's prolific use of Facebook is additional evidence of his role as a significant member of the conspiracy. He posted numerous videos and photos of himself and co-defendants taken in and around the Refuge and made statements through Facebook's private messaging service.

Defendant remained at the Refuge in the early morning hours of January 27, 2016, after the arrest of many of defendant's co-conspirators. In a video taken in the bunkhouse kitchen,

///

defendant excoriates his fellow remaining conspirators to continue fighting: "We came here for one [expletive] reason, to fight."    (Trial Ex. 402.)

The circumstances of defendant's arrest underscore his commitment to the forceful, armed occupation of the Refuge.  On February 11, 2016, the FBI arrested defendant at a Bend, Oregon, motel.   After his arrest, defendant told agents that the FBI only had "jurisdiction within 10 miles of Washington, D.C."   He then made a number of other spontaneous, threatening statements while he was being transported, including "an eye for an eye" (in an apparent reference to the death of Lavoy Finicum), and told agents, "you guys are going to have your hands full" as there are thousands of members of his movement.   Defendant also told law enforcement that "you took one of ours" and members of the "movement" are educated to rise up and replace each other.

Defendant was released to Pretrial Services on May 3, 2016.   On August 16, 2017, defendant's pretrial release was revoked and he was detained pending sentencing.    Throughout his release and during his time in custody, defendant has had difficulty following instructions from the Court and other supervisory authorities and has proven that he poses a threat to himself and others.   (PSR ¶¶ 11–13a.)

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III.    Advisory Sentencing Guidelines**

    **A.    Calculation**

The government recommends that the Court adopt the following guideline calculation for defendant's conviction for violating 18 U.S.C. § 372.[1]   This calculation is set forth in part in paragraphs 43–53 of the PSR.

- <u>The Base Offense Level</u> is 10 under U.S.S.G. § 2A2.4(a).

- <u>Specific Offense Characteristic</u>—U.S.S.G. § 2A2.4(b)(1)(B) provides that:

  > If a dangerous weapon (including a firearm) was possessed and its use was threatened, increase by **3** levels [to U.S.S.G. § 2A2.4(a)].

  For the reasons stated in the factual background set forth above, the provisions of U.S.S.G. § 2A2.4(b)(1)(B) apply to defendant.   The offense level is therefore increased three levels to offense level 13.

- <u>Upward Departure</u>—Application Note 4 to U.S.S.G. § 3A1.4.   Because the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct, a 5-level upward departure applies under Application Note 4 to U.S.S.G. § 3A1.4.   The PSR does not apply this provision to its calculation of defendant's offense level, but recognizes its applicability.   *See* PSR, Sentencing Recommendation, at 1.   The offense level is therefore increased three levels to offense level 18.

Defendant has a Total Offense Level of 18.   The government agrees with defendant's criminal history as it is set forth in paragraphs 55–65 of the PSR.   Defendant has a total of four points, placing him in criminal history category three ("III").   In Criminal History Category III, Offense Level 18, the advisory guideline range is 33–41 months' imprisonment.

/ / /

/ / /

---

[1] Defendant's conviction for violating 18 U.S.C. § 930(b) is grouped with his conviction for 18 U.S.C. § 372 for purposes of sentencing under U.S.S.G. § 3D1.1.

**Government's Sentencing Memorandum**　　　　　　　　　　　　　　　　　　　　**Page 5**

B.     Analysis

  i.  Application Note 4—U.S.S.G. § 3A1.4

Defendant's conduct fits squarely within Application Note 4 of U.S.S.G. § 3A1.4 which provides that an upward departure is warranted when the offense conduct "was calculated to influence or affect the conduct of government by intimidation or coercion[.]"   All co-defendants who have entered felony plea agreements have agreed that the terms of U.S.S.G. § 3A1.4 apply to them.   Of the defendants who have agreed to the terms of Application Note 4 of U.S.S.G. § 3A1.4, the upward adjustment ranges from three to ten levels.

Defendant's conduct supports the application of a five-level increase to his offense level.   Defendant did not possess a significant leadership role at the Refuge that would support a ten-level adjustment.   He was, however, a vocal and consistent presence in the conspiracy who remained at the Refuge after the arrests of the group's leadership and encouraged others to do the same.   The entire purpose of the occupation and defendant's activity while he was on the Refuge—including his role as a guard, his Facebook posts, and his use of Refuge property—was to influence or affect the conduct of the Federal Government through what could be benignly described as coercion or intimidation.   A five-level adjustment is reasonable and appropriate.

  ii.  U.S.S.G. § 2A2.4(b)(1)(B)

Under U.S.S.G. § 2A2.4(b)(1)(B), a three-level increase shall be applied if a dangerous weapon (including a firearm) was possessed and its use was threatened.   Defendant's conduct during his participation in the conspiracy supports a three-level adjustment under U.S.S.G. § 2A2.4(b)(1)(B).   Defendant possessed firearms throughout his time on the Refuge.   More crucial to analyzing the applicability of U.S.S.G. § 2A2.4(b)(1)(B), the firearms were possessed

to threaten: They were used by defendant for guard duty and to support the ideological mission of the occupation.

IV.     **Conclusion**

For the reasons stated above, the government recommends the Court impose a 33-month sentence for defendant's convictions. This is an appropriate, reasonable sentence that adequately addresses his conduct in the underlying case.

Dated this 14th day of November 2017.

                                          Respectfully submitted,

                                          BILLY J. WILLIAMS
                                          United States Attorney

                                          *s/ Ethan D. Knight*
                                          ETHAN D. KNIGHT, OSB #992984
                                          GEOFFREY A. BARROW
                                          CRAIG J. GABRIEL, OSB #012571
                                          Assistant United States Attorneys